UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| IVAN BLANCO<br><br>Plaintiff,<br><br>v.<br><br>TZADIK PROPERTIES LLC<br><br>Defendant. | Case No.: |

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff IVAN BLANCO, through the undersigned counsel, files this Complaint against the above-named Defendant, TZADIK PROPERTIES LLC.

## NATURE OF THE CASE

1. This is an action brought by Plaintiff IVAN BLANCO against his former employer, Defendant TZADIK PROPERTIES LLC (hereafter referred to as "Defendant") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment, Defendant engaged in the practice of reducing Plaintiff's the overtime hours recorded in Plaintiff's time cards and in his pay checks, and thus, not all of Plaintiff's overtime hours worked were compensated.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the closest nexus with the cause because it is where Plaintiff provided services and Defendant conducted business.

## PARTIES

5. Plaintiff IVAN BLANCO, a resident of Hillsborough County, was a former employee of Defendant who worked Bella Mar and Timberfalls Apartments, managed and owned by Defendant, located in Tampa, Florida.

6. Defendant TZADIK PROPERTIES LLC is a limited liability company organized and existing under and by virtue of the laws of the state of Florida, which owns and manages various apartment rental complexes throughout the state of Florida, including Bella Mar and Timberfalls.

7. Bella Mar is an apartment rental complex located at 12406 N. 15th Street, Tampa FL 33612. Timberfalls is located at 2600 E. 113th Ave, Tampa, FL 33612.

## COVERAGE

8. Defendant is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

9. Upon information and belief, Defendant's individual annual gross volume of sales exceeded $500,000/year at all relevant times.

10. Defendant is an employer within the definition of the FLSA, 29 U.S.C. § 203.

11. Defendant engaged in commerce as defined by 29 U.S.C. § 203, *inter alia,* by accepting payment from its tenants through the use of credit cards, wire transfers and checks from banks located outside the state of Florida, by purchasing building materials, paint, shingles, wood, nails, screws, toilets, sinks, bathtubs, water heaters, cabinets, lamps, tile, grass, sod, flooring, concrete, and a plethora of other items, each manufactured across state lines for the purpose of building maintenance and repairs; used one or more websites viewed by potential tenants across state lines; made wire transfers, credit payments, or other fund transfers across state lines for the purchase of building and maintenance materials, and for the payment of professional services.

12. During the term of his employment, Plaintiff was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

13. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendant.

14. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. §§ 207 and 206.

## FACTUAL BACKGROUND

15. Plaintiff was employed by Defendant from approximately September 2015 to October, 2017 and worked at the Defendant's apartment complexes in Tampa, Florida.

16. Plaintiff was a maintenance worker and was paid $15.00 per hour.

17. During his employment with Defendant, Plaintiff was classified as non-exempt.

18. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

19. During the period covered by the employment, Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a work week.

20. Defendant was aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations, and in fact cut the overtime hours Plaintiff had actually already worked from his paycheck and time records.

21. Defendant's actions were willful and/or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

22. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendant's custody and control, pursuant to 29 C.F.R. § 516.

23. The accuracy, completeness, and sufficiency of such records is at issue at this time since the time records did not state real hours worked.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

24. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 23 above.

25. Defendant failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

26. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

27. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

    b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

    c. Pre-judgment interest;

    d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

    e. Any further relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

28. Plaintiff requests a jury trial to the extent authorized by law.

Dated: October 27, 2017.

                              Respectfully submitted,

                              **CYNTHIA GONZALEZ P.A.**
                              4023 North Armenia Ave.
                              Suite 240
                              Tampa, Florida 33607
                              Telephone (813) 333-1322
                              Fax (866) 593-6771
                              E-mail: cynthia@wagesdue.com

                              ***s/ Cynthia Gonzalez***
                              Cynthia M. Gonzalez
                              Florida Bar No. 53052
                              Attorney for Plaintiff

                              ***s/ Luis R. Amadeo***
                              Luis R. Amadeo
                              Florida Bar No. 0565865
                              Attorney for Plaintiff